STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. RE-03-16

McLAUGHLIN ROOF TRUSSES, )
LTD., )
                    Plaintiff, )
                              )
                              )
                              )
            v.                )        ORDER
                              )
                              )
ADVANCED CONSTRUCTION, )
et al., )
                    Defendants. )

APR 20 2005

FILED & ENTERED
SUPERIOR COURT

MAR 21 2005

PENOBSCOT COUNTY

Defendants Spence and Advanced Construction move in limine to exclude evidence proffered by Defendants Pilecki of complaints of other customers of Spence and/or Advanced Construction regarding construction and construction procedures. At the Trial Management Conference, the court advised that it would be impossible to rule upon such a motion without a fairly comprehensive offer of proof. After discussion, it was agreed that the Pileckis would submit a written offer of proof.

They have done so.

The Pileckis' written offer of proof includes details of customers' complaints regarding nine construction projects and observations by a former employee of Spence. Both parties have submitted memoranda regarding their positions on this evidentiary issue.

Certainly there is no magic number of occurrences for a particular event to be considered habit or routine practice. This characterization is driven by the unique circumstances of each case. Courts and commentators have attempted to qualitatively define the standard. From a practical point of view, to constitute habit or routine practice, a person or organization must act in such a specific, unique, and consistent fashion when confronted with a particular set of circumstances that it can reasonably be expected that they would act in the same way when next confronted with the same circumstances.

The fact that a person frequently acts in a certain way or often acts in a certain way would not satisfy the standard. Further, opinions that a person has particular character traits (i.e.- "he is careful" or "he is inattentive") would not be admissible. See Advisor's Note, Rule 406, MRE.

The Pileckis' offer of proof offers details of the proposed testimony. However, it is unclear what inference the Pileckis seek to have the jury draw from the testimony. Are they asking that the jury infer that Spence is inattentive by nature? Dishonest? A bad carpenter or businessman? Are they asking that the jury conclude that their walls are out of plumb because Mr. Crawford testifies that his walls are out of plumb?

At least one of the dissatisfied customers (Brooker) hired Spence to perform a number of separate, discrete tasks which do not correspond to the Pileckis' contract. For instance, Mrs. Brooker would testify that Spence tore up her lawn with a bulldozer - apparently in a act of malice. Again, it is unclear what inference the Pileckis wish the jury to draw from this circumstance - perhaps that Spence is a spiteful and malicious individual?

More problematic is the fact that virtually all of the proffered testimony consists of conclusory opinion. For instance, many of the proposed witnesses will testify that "...The project took much longer than what was required...".[1] This statement is, by any analysis, an opinion. Since it involves professional judgment to some degree, it may not even fall within the realm of admissible lay testimony. Indeed, many points are clearly the subject of expert testimony only (i.e. - "...Mr. Spence left the house exposed to the weather too long in the winter..."). This testimony is patently inadmissible. Use of words like "frequently" give no indication of the actual number of occurrences and phrases like "...numerous construction errors and disputes..." lack specificity.

The court declines to address each and every item of proffered testimony in the offer of proof. Suffice to say that the huge majority of it would not be admissible in any event due to opinion, vagueness and irrelevance. Spence and Advanced Construction object in part based upon the fact that each bit of testimony would require rebuttal and innumerable "trial within a trial" situations which would make the matter thoroughly unmanageable. Probably they are correct. But while their concerns over time considerations are commendable, they are not part of the court's analysis. The matter turns upon the interpretation of Rule 406.

The court concludes that the testimonies of the nine dissatisfied customers offered by the Pileckis are insufficient to meet the Rule 406 standard under these circumstances. There is simply not a quantum of occurrances in the same or similar situations to meet the Rule 406 threshold. However, the analysis does not stop there. As noted above, it is not clear what inferences the Pileckis wish the jury to draw from the testimony. Clearly any conclusions about Spence's moral character would be inappropriate - this is not the vehicle for proving character. Similarly, the fact that particular windows were installed (allegedly) improperly at other sites by unknown carpenters does not necessarily lead to the conclusion that another installed by another carpenter at another site would be installed improperly.[2]

Presumably the Pileckis will offer evidence of improper construction results at their site. If a wall is out of plumb, a carpenter with a level can testify to that fact. The fact that Spence's carpenters installed an out of plumb wall at another site does not make the likelihood of the Pileckis' walls being out of plumb a whole lot more likely or not.

---

[1] See "Robert Crawford Expected Testimony" in the Pileckis' offer of proof. This particular page was selected at random by the court to illustrate the points made herein. Proffered testimony of other individuals involve similar problematic evidence.

[2] Spence suggests that he would offer instances of proper construction technique and results at other sites to rebut the proffered testimony.

In addition to concluding that the proffered testimony does not qualify for admissibility under Rule 406, the court also concludes that the testimony, if allowed, has a far greater danger of creating confusion and uncertainty in the minds of the jurors than any probative value which it offers. Indeed, the danger of substantial prejudice to Spence on inadmissible and collateral matters is immense. Accordingly, pursuant to Rule 403, the court concludes that the probative value (if any) of the proffered testimony is substantially outweighed by the danger of unfair prejudice to Spence and Advanced Construction. As such, the evidence is excluded under Rule 403.

Nothing in this Order prevents the Pileckis from proving their case by primary evidence - to prove that a wall is out of plumb, they can offer a carpenter who has checked it with a level. The fact that Spence may have installed unplumb walls at other locations is unavailable to help them prove their point. However, if the level shows that the wall is out of plumb, they would need no other evidence.

Accordingly, the docket entry shall reflect that the motion in limine is granted. The evidence chronicled in the offer of proof is excluded.[3]

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 18, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[3] As with all motions in limine, this is an advisory ruling.

MCLAUGHLIN ROOF TRUSSES LTD VS AARON SPENCE DBA ADVANCED CONST CORP ET AL
UTN:AOCSsr  -2003-0039150
                                          CASE #:BANSC-RE-2003-00016
----------------------------------------------------------------------

MCLAUGHLIN ROOF TRUSSES LTD                              PL
ATTY SYLVESTER, TORREY A.   Tel# (207) 532-4048
ATTY ADDR:523 DREWS LAKE ROAD NEW LIMERICK ME 04761


AARON SPENCE DBA ADVANCED CONST                         DEF
ATTY BABER, BRETT D.   Tel# (207) 945-6111
ATTY ADDR:304 HANCOCK ST, SUITE 2E BANGOR ME 04401


MICHAEL PILECKI  ᴄ Christine Pilecki                    DEF
ATTY SZEWCZYK, DAVID F.   Tel# (207) 947-7677
ATTY ADDR:15 COLUMBIA STREET, SUITE 101  BANGOR ME 04401




M=More, Space = Exit:M

Select the EXIT KEY for page selection line.